UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PROTO GAGE, INC., | Case No.: 21-12286 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| FEDERAL INSURANCE COMPANY, INCORPORATED, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendant. | |
| _____/ | |

# ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF No. 15)

## I.  PROCEDURAL HISTORY

Plaintiff Proto Gage, Inc. ("Proto Gage") sued for declaratory judgment. (ECF No. 1).  Plaintiff moved for a protective order under Rule 26(c) quashing subpoenas issued by Defendant to Autoliv ASP, Inc., Joyson Safety Systems Acquisition, LLC, and ZF North America, Inc.  (ECF No. 15).  Defendant Federal Insurance Company ("FIC") responded (ECF No. 16) and Plaintiff replied (ECF No. 17).  The motion was referred to the undersigned.  (ECF No. 20).  The parties appeared for a motion hearing where counsel for both parties offered oral arguments.  This matter is now ready for determination.

## II.  BACKGROUND

Plaintiff is a supplier of precision metal stamping and production machined parts who was insured by Defendant FIC. (ECF No. 1, PageID.6). Plaintiff claims their 450-ton press was damaged which caused business income losses and expenses. An 800-ton press suffered the same in April 2016. (*Id.* at PageID.7).

Plaintiff notified Defendant of their losses and Defendant issued payments to Plaintiff under the policy. Defendant issued two checks for $149,638.00, totaling $299,276, for "business income coverage for press damage" in 2015 and 2016. (*Id.* at PageID.8). In May 2019, Plaintiff demanded appraisal under the Michigan Insurance Code after they disagreed with Defendant's business income loss determination. After Defendant rejected their appraisal demand, the parties attempted to privately mediate their dispute. (*Id*. at PageID.9-10). Defendant refused Plaintiff's demand for appraisal again. (*Id.* at PageID.11). So Plaintiff sued for declaratory judgment to compel appraisal. *(Id.* at PageID.14).

Defendant answered the complaint with affirmative defenses and a counterclaim for declaratory judgment. (ECF No. 10). Defendant denies liability for both claims. Defendant demands a declaration that there is no coverage for either claim under the policy, and seeks repayment of the claims. (*Id.* at PageID.85). Plaintiff moved to dismiss Defendant's counterclaim. (ECF No. 14).

Defendant issued subpoenas to Autoliv Asp, Inc., Joyson Safety Systems Acquisition, LLC, and ZF North America, Inc. (*See* ECF Nos. 15-2,15-3,15-4).

Defendant seeks information related to Plaintiff's bids on contracts with these corporations during the period in which Plaintiff alleged business income loss. Plaintiff moved for a protective order to quash the subpoenas. (ECF No. 15).

### III. ANALYSIS

#### A. Standards

1. Michigan Insurance Claim Appraisal

"In diversity cases such as this, [the court] appl[ies] state law in accordance with the controlling decisions of the state supreme court." *Allstate Ins. Co. v. Thrifty Rent–A–Car Sys. Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). If the Michigan Supreme Court has yet to address the issue a particular case presents, this court anticipates how Michigan's highest court would rule by looking at available data. Unless it is shown that the Michigan Supreme Court would decide differently, this court views Michigan's intermediate court's decisions as persuasive. *Id.*

In Michigan, "a policy of insurance is much the same as any other contract. It is a matter of agreement by the parties. The courts will determine what that agreement was and enforce it accordingly." *Eghotz v. Creech*, 365 Mich. 527, 530 (1962). Courts interpret the policy coverage of fire insurance agreements, but disagreements about the actual cash value or amount of loss may be determined by appraisers. *Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich. App. 482, 487 (1991); *UrbCamCom/WSU I, LLC v. Lexington Ins. Co.*, No. 12-CV-15686, 2014 WL

1652201, at *3 (E.D. Mich. Apr. 23, 2014) ("When the amount of loss is in dispute, the appraisal process is preferred over judicial determination because it is 'a simple and inexpensive method for the prompt adjustment and settlement of claims.'") (quoting *Auto-Owners Ins. Co.*, 190 Mich. App. at 486)).

Michigan law provides:

> (1) Each fire insurance policy issued or delivered in this state shall contain the following provisions...
>
> (m) That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. . . . The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. . . .

Mich. Comp. Laws § 500.2833(1)(m).

2. Discovery

Parties may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P.

26. Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

   a. Quashing Third Party Subpoenas

Under Fed. R. Civ. P. 45(d)(3)(A) the court must upon timely motion quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." A court may quash a subpoena if it requires disclosure of trade secrets or an unretained expert's opinion. Fed. R. Civ. P. 45(d)(3)(B).

Generally, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006)). If the movant can show the subpoena would violate their privilege or a personal right,

they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). That said, the party seeking to quash a third-party subpoena must meet a heavy burden of proof. *Wells*, 2006 WL 3203905, at *2. For example, a party who makes no claim of privilege or personal right considering the heavy burden lacks standing to quash a third-party subpoena. *Underwood*, 2008 WL 5235992, at *1.

  b. Motion for a Protective Order

Unlike a motion to quash, a motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c)(1). Courts in the Sixth Circuit have interpreted the mention of "a party" as allowing parties to file a motion for a protective order for a non-party. *See Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, No. 01-2417-GV, 2002 WL 1483879, at *2 (W.D. Tenn. Jun.26, 2002) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party"); *see also Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 ("[Courts within the Sixth Circuit] held that discovery need not be sought from a party in order for a party to have standing to challenge subpoenas served on non-parties."). Thus, some courts have reviewed motions to quash third-party subpoenas under the standards of a Rule 26(c) protective order as well. *Underwood*, 2008 WL 5235992, at *2.

Under Fed. R. Civ. P. 26(c)(1) the court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." To satisfy the requirements of Rule 26(c), "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and these limits grow more formidable as the showing of need decreases." *Serrano* 699 F.3d at 901 (quoting 8A Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice and Procedure § 2036 (3d ed. 2012)). Courts have broad discretion to determine whether a protective order is appropriate and what degree of protection is required. *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

**B. Discussion**

Plaintiff argues the Court should forbid discovery, including quashing subpoenas, until the Court determines whether it has subject matter jurisdiction over the parties' dispute.  (ECF No. 15, PageID.736-39).  Plaintiff highlights that Mich. Comp. Laws § 500.2833(1)(m) mandates appraisal for factual disputes over the amount of a loss.  Plaintiff notes that only when parties cannot agree on coverage, must a court intervene to decide coverage in a declaratory action before appraisal.  (ECF No. 15, PageID.738) (citing *Auto-Owners Ins. Co.*, 190 Mich. App. at 486).  Thus, court ordered discovery is unnecessary in factual disputes like this one.  (ECF No. 15, PageID.738) (citing *Shina v. State Farm Fire & Cas. Co.*, No. 20-10080, 2021 WL 391419, at *5 (E.D. Mich. Feb. 4, 2021)).

Defendant argues Plaintiff lacks standing to quash a non-party subpoena issued under Fed. R. Civ. P. 45, because Plaintiff cannot raise subpoena respondents' rights under Rule 45 without meeting the heavy burden of proof to quash a third-party subpoena, which Plaintiff failed to do.  (ECF No. 16, PageID.932-33).  Plaintiff failed to identify any standard for relief under 26(b) or (c) or show good cause for a protective order.  (*Id.* at PageID.934-36).  Finally, Defendant argues statutory appraisal does not preclude the insurer from truth uncovering.  (ECF No. 16, PageID.939-40) (citing *Yaldo v. Allstate Prop. & Cas. Ins. Co.*, 641 F. Supp. 2d 644, 652-653 (E.D. Mich. 2009)).  Defendant is seeking

8

evidence relevant to Plaintiff's claim and Defendant's counterclaim, so the Court should deny Plaintiff's motion.

In reply, Plaintiff notes that courts in this Circuit have found good cause for entry of a protective order staying discovery when a motion to dismiss is pending. (ECF No. 17, PageID.950). Plaintiff also argues there is good cause for protection because the subpoenas delay appraisal and increase their expenses of reviewing documents. Further, Plaintiff's personal right to appraisal gives Plaintiff standing to quash the subpoenas under Rule 45. (*Id.* at PageID.949) (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) ("a party has standing to move to quash a subpoena…if the subpoena infringes upon the movant's legitimate interests.")).

1. **Quashing Subpoenas Under Rule 45**

Plaintiff failed to meet the high burden to quash a third-party subpoena. Plaintiffs must show that their privilege or personal right to the information sought is endangered to have standing to quash third-party subpoenas. *Mann*, 114 F.3d at 1188. Plaintiff does not assert a privilege, so Plaintiff must establish a personal right to the information sought. Plaintiff argues their personal right to appraisal gives them standing to quash the subpoenas like in *Raineri*. (ECF No. 17, PageID.949-50). In *Raineri*, the prosecution had standing to quash a subpoena because the prosecution had a right to prevent the undue lengthening of an ongoing trial, witness harassment, and prejudicial over-emphasis on witness credibility.

*Raineri*, 670 F.2d at 712. Plaintiff does not have the same interests and rights as the prosecution in a criminal trial.

Moreover, if the undersigned agreed that Plaintiff has a personal right to speedy appraisal, then the undersigned would decide the merits of this case. This matter is only referred to the undersigned for this particular discovery motion. (ECF No. 20). Further, courts in this Circuit have found standing for quashing third-party subpoenas when parties assert more serious personal rights or privileges. *See Mann*, 114 F.3d at 1188 (standing to quash in asserting privilege over medical records); *E.E.O.C. v. Hosanna-Tabor Evangelical Lutheran Church & Sch.*, No. 07-14124, 2008 WL 2980089, at *1 (E.D. Mich. July 31, 2008) (important personal interest in medical records and employment records); *cf. Rivet v. State Farm Mut. Auto. Ins. Co.*, No. 04-CV-72333-DT, 2006 WL 8442312, at *2 (E.D. Mich. Jan. 9, 2006) (no "personal right" in bank records). Even if the undersigned could find Plaintiff is entitled to speedy appraisal, this right is not serious enough to warrant quashing a third-party subpoena.

### 2. Protective Order under Rule 26(c)

Plaintiff does have standing to protect itself from discovery issued to a third-party. Under Fed. R. Civ. P. 26(c)(1) the court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Though Plaintiff must show "good cause" for protection from one of the

10

26(c)(1) harms "'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236. Plaintiff argues the subpoenas unduly burden Plaintiff by delaying the appraisal proceedings, incurring expense of reviewing the documents, damaging their reputation, and delaying disposition of dispositive motions. Plaintiff has articulated specific facts showing "clearly defined" injury resulting from the discovery sought. *Nix*, 11 F. App'x at 500. Though whether the injuries are serious enough to justify a protective order is an open question. *Id.*

The issue of Plaintiff's right to a speedy appraisal is not before the undersigned. Concerns over costs are not as serious as those in *Nix*, where there was good cause to protect a sitting congressman from deposition because scheduling around his legislative schedule was difficult. *Id.* Moreover, since the subpoenas were issued to third parties, Plaintiff will not bear the costs of production. Costs associated with reviewing the documents are not serious enough for good cause for protection. During the hearing, Plaintiff expressed concerns about whether the discovery could injure their future business relationships with the subpoena respondents. Yet, this concern was hypothetical at best, as Plaintiff presented no evidence of this possible injury beyond conjecture.

In any event, Plaintiff does highlight that courts in this Circuit have found good cause for a protective order when a dispositive motion is pending. (ECF No.

11

17, PageID.950) (citing *Perry v. Rousseau*, No. 18-CV-12914, 2019 WL 3561920, at *4 (E.D. Mich. Aug. 6, 2019); *Robinson v. Wells Fargo Bank, NA*, No. 2:08-CV-13048, 2009 WL 10680398, at *1, *3 (E.D. Mich. July 22, 2009); *Edwards v. Standard Federal Bank, NA*, No. 08-CV-12146-DT, 2008 WL 4771880, at *1 (E.D. Mich. Oct. 29, 2008)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

The Court can decide Plaintiff's motion to dismiss Defendant's counterclaim without discovery, so there is good cause to grant Plaintiff a protective order. Plaintiff argues Defendant's counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(6) because Defendant conceded business income loss and Defendant's request for judgment is premature under Fed. R. Civ. P. 12(b)(1). (ECF Nos. 14, 22). In response, Defendant claims they did not concede business income loss, the Court must consider their allegations as true under 12(b)(6) review, and their counterclaim sets out a ripe controversy. (ECF No. 18). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Here, the Court must accept FIC's claim

12

that Proto Gage did not suffer any covered business income loss as true. (ECF No. 10). Since the Court must already accept that Proto Gage suffered no covered business income loss during 12(b)(6) review, any discovery to discredit business income loss further will not alter the Court's review of the motion to dismiss. *Gettings*, 349 F.3d at 304. Defendant will suffer no real harm if they do not obtain subpoena responses now. If the Court grants Plaintiff's motion to dismiss, their discovery requests will be moot. If the Court denies Plaintiff's motion, Defendant's counterclaim proceeds and they will have a right to discovery. There is good cause to grant Plaintiff's motion for protective order because their dispositive motion is pending and requires no further discovery.

### IV.     CONCLUSION

For the reasons above, Plaintiff's Motion for Protective Order (ECF No. 15) is **GRANTED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2. The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636.

Date: May 19, 2022                      s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge