UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROTO GAGE, INC.,

      Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
INCORPORATED,

      Defendant.
_____/

Civil Action No.
21-CV-12286

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (Dkt. 14)**

This case concerns commercial insurance policies issued to Plaintiff Proto Gage, Inc. by Defendant Federal Insurance Company, Incorporated. Compl. (Dkt. 1). Proto Gage made business income claims under these policies for losses resulting from its press machines, Press P203 and Press P201, which broke down respectively on November 28, 2015 and April 13, 2016. According to Proto Gage, Federal "accepted liability for coverage of both losses and issued multiple payments under the policy's Business Income With Extra Expense coverage." Id. at 3. However, according to Federal, after it investigated Proto Gage's claims, Federal denied liability for both claims. Counterclaim at 27 (Dkt. 10). Federal contends that it is entitled to reimbursement of $299,276 from Proto Gage. Id. at 29–30.

Proto Gage seeks a judgment declaring, among other things, that (i) "[a]ppraisal is the appropriate remedy to resolve disagreements over the extent of damage resulting from a covered cause of loss where coverage for the loss has been admitted" and (ii) Proto Gage's "claim under the policy's coverage for Business Income With Extra Expense shall be submitted to Appraisal

pursuant to MCL 500.2833(1)(m) to determine the amount of loss resulting from the November 28, 2015 and April 13, 2016 press failures." Compl. at 10. Federal filed a counterclaim, asking the Court to, among other things, declare that "there is no coverage for either the Press P203 business income claim or the Press P201 business income claim" and "enter a judgment requiring Proto Gage to repay $299,276 advanced by Federal to Proto Gage." Counterclaim at 30.

This matter is now before the Court on Proto Gage's motion to dismiss Federal's counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. 14). For the foregoing reasons, the Court denies the motion.[1]

## I. ANALYSIS

Proto Gage seeks dismissal of Federal's counterclaim on the grounds of lack of subject-matter jurisdiction and failure to state a counterclaim upon which relief can be granted. Because subject-matter jurisdiction is a threshold issue, the Court addresses it first.

### A. Rule 12(b)(1)

Proto Gage argues that Federal lacks standing to bring the portion of its counterclaim seeking entry of a judgment ordering Proto Gage to repay the $299,276. Proto Gage, relying on the doctrine of ripeness, contends that this portion of the counterclaim "rests upon contingent future events that may not occur" because "[t]he appraisers, who have statutory jurisdiction over this issue under Mich. Comp. Laws § 500.2833(1)(m), have not yet factually determined the amount of Plaintiff's business income losses." Mot. at 21 (punctuation modified).

Proto Gage's argument is unconvincing. The ripeness inquiry focuses on whether an injury has already occurred or is sufficiently likely to occur. Texas v. United States, 523 U.S. 296, 300

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to Proto Gage's motion, the briefing includes Federal's response (Dkt. 18) and Proto Gage's reply (Dkt. 20).

(1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). According to Federal, it has already suffered a loss of $299,276—the amount it erroneously paid to Proto Gage. As pleaded, this injury is not premised on any contingency. If Proto Gage in the future succeeds in obtaining from the Court a declaration that "[a]ppraisal is the appropriate remedy," this may, as a practical matter, moot Federal's counterclaim for entry by this Court of a judgment ordering Proto Gage to repay the $299,276. But the fact that one side will ultimately prevail does not render a counterclaim conjectural. See C.C. Forbes, LLC v. Axis Surplus Ins. Co., No. 2:16-CV-94, 2016 WL 10706290, at *2–3 (S.D. Tex. May 31, 2016) ("[t]here is no ripeness issue here. All of the events required to determine [the defendant's] liability have taken place. . . . While success against [the other defendant] might moot the claims against [the defendant] as a practical matter, the presence of a defense does not make the claim hypothetical, speculative, conclusory, or unripe.").

Because Proto Gage has not established that Federal's counterclaim is unripe, the Court will not dismiss this portion of Federal's counterclaim for want of subject-matter jurisdiction.

**B. Rule 12(b)(6)**

Proto Gage argues that Federal's counterclaim "fails to state an actionable legal claim" because Federal already conceded that Proto Gage suffered losses covered under the insurance policy and, therefore, the "amount of loss and periods of restoration must be determined by the appraisers under Mich. Comp. Laws § 500.2833(1)(m)." Mot. at 12. As Federal points out, "Proto Gage's motion rests on the premise that the Court should disbelieve the allegations of the Counterclaim, contrary to Federal Rule 12(b)(6)," namely, that Federal conceded that covered losses occurred. Resp. at 15. Indeed, in conducting a Rule 12(b)(6) analysis, a court is required to accept the alleged facts as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And in its

counterclaim, Federal pleads that it denied liability for both claims of business income loss. Counterclaim at 27 ("Federal denied liability for both claims based on its investigation."). The Court, therefore, finds that the grounds set forth by Proto Gage do not warrant dismissal of Federal's counterclaim under Rule 12(b)(6).[2]

## II. CONCLUSION

For the foregoing reasons, Proto Gage's motion to dismiss Federal's counterclaim (Dkt. 14) is denied. Proto Gage must file an answer to the counterclaim within 14 days of this Opinion and Order. A telephonic scheduling conference will be convened on July 26, 2022 at 4:00 p.m.

SO ORDERED.

Dated: July 6, 2022　　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] In its response to the motion to dismiss its counterclaim, Federal suggests that Proto Gage's claims should be dismissed under Rule 12(b)(6). See Resp. at 15-17. But, pursuant to Rule 7(b), "[a] request for a court order," such as dismissal of a complaint, "must be made by motion," not a response. Moreover, pursuant to Rule 12(b)(6), a motion asserting failure to state a claim upon which relief can be granted "must be made before pleading." Here, Federal elected to file an answer to the complaint with affirmative defenses and a counterclaim. The response, filed after the answer, is therefore untimely under Rule 12(b)(6) to the extent that Federal seeks for it to be construed as a motion to dismiss the complaint.