UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROTO GAGE, INC.,

        Plaintiff,                               Case No. 21-12286

v.                                         HON. MARK A. GOLDSMITH

FEDERAL INSURANCE
COMPANY,

        Defendant.
_____/

**ORDER
(1) DENYING PLAINTIFF'S MOTION FOR ENTRY OF SHOW CAUSE ORDER (Dkt. 44) AND (2) DIRECTING THE PARTIES TO COMPLETE THE APPRAISAL PROCESS BY MARCH 31, 2024**

This matter is before the Court on Plaintiff Proto Gage, Inc.'s motion for entry of an order requiring Defendant Federal Insurance Company to show cause for why it should not be held in contempt for violating an order of this Court (Dkt. 44).[1]

In its September 29, 2023 Opinion and Order (Dkt. 40), the Court ordered the parties "to initiate the appraisal process set forth by Mich. Comp. L. § 500.2833(1)(m)" and required that Federal "select its appraiser within 20 days of this opinion and order." Federal filed a notice of appeal of the September 29 order (Dkt. 42) and, in light of that pending appeal, has refused to initiate the appraisal process or select its appraiser as required by the September 29 order. See Mot. at 1; Resp. at 2–3. Proto Gage now moves for entry of an order for Federal to show cause for why it should not be held in contempt for violating the Court's September 29 order by failing

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Federal's response (Dkt. 46) and Proto Gage's Reply (Dkt. 47).

to select an appraiser. As explained below, the Court sees no present reason to initiate contempt proceedings, and thus denies Proto Gage's motion. However, the Court will enforce the September 29 order by ordering the parties to initiate the appraisal process immediately and complete it by March 31, 2024.

Proto Gage's motion argues that Federal violated the Court's order directing the parties to initiate the appraisal process set forth by Mich. Comp. L. § 500.2833(1)(m) by failing to select its appraiser and initiate the appraisal process. Mot. at 5. Federal denies that it violated the order and submits that Federal's appeal of the order had the effect of staying the order's application during the pendency of the appeal. Resp. at 10–12. In support of its position, Federal argues that appeals of orders under 28 U.S.C. § 1292(a)(1) "do not require a separate motion to stay, since the entirety of the order and matters it addresses are on appeal and a stay applies automatically." Resp. at 12.

Federal's position is not in accord with the law. There is no statute, court rule, or case stating that an appeal from an order directing parties to arbitrate automatically stays the applicability of that order. Although Federal raises a number of arguments in an attempt to support its position, none has merit.

Turning first to the alleged governing provision—§ 1292(a)—the text of the statute does not state that the filing of an appeal under that provision triggers an automatic stay.[2] Federal attempts to read such a provision into the statute, on the theory that other provisions of the statute— namely subsections (b), (c), and (d), each of which addresses other kinds of interlocutory appeals— contain language stating that the application for interlocutory appeal or granting of an application

---

[2] Whether this Court's September 29 order was an injunction within the meaning of § 1292 is disputed by the parties and is the subject of Proto Gage's motion to dismiss the appeal. See Proto Gage, Inc. v. Fed. Ins. Co., Case No. 23-1930 (6th Cir. Oct. 19, 2023) (Dkt. 14). This Court intimates no view on that issue.

for appeal stays the order being appealed. See Resp. at 11–12. Federal interprets subsection (a)'s silence regarding stays to mean that such stays are automatic.[3] Id.

Federal's argument has not been adopted by any court, or as far as can be determined by this Court, even argued. A better explanation for the statute's different treatment of other kinds of interlocutory appeals is that Congress never contemplated that an appellant would need to be expressly told by statute that an appeal of an injunction does not trigger an automatic stay of the injunction. In such cases, it would be obvious that a party on the losing end of a court's injunction order could not immediately stymie that order simply by filing a notice of appeal. A policy of allowing litigants to stop court orders in their tracks without any showing of necessity (and the other factors for staying an order on appeal) would be unworkable. By contrast, the situations addressed in § 1292(b) and (d) concern applications for interlocutory appeal, where Congress may have thought that there might be a reasonable question of whether the application itself or the grant of an appeal carries an implication of a stay of such an interlocutory order. Hence, the need for specific language in the latter provisions (§ 1292(b) and (d)) stating that there is no automatic stay, but not in the former (§ 1292(a)).

---

[3] Section 1292(a) provides:
> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
> (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

Even putting Congressional intent aside, adopting Federal's view of § 1292(a) would lead to utter chaos in many contexts outside of arbitration or appraisal. A litigant who had been enjoined from performing an imminent wrongful act would be freed from that restraint through the litigant's simple act of filing a notice of appeal. Instant relief from a judicial order, without any necessity of seeking such relief from either the district court or the court of appeals, would create judicial paralysis when prompt judicial action is required.

Federal's reliance on Coinbase, Inc. v. Bielski, 599 U.S. 736 (2023) is misplaced. See Resp. at 1–2. In that case, the United States Supreme Court held that a district court's denial of a motion to arbitrate required it to stay further proceedings while the interlocutory appeal on the issue of arbitrability remained pending. Coinbase, 599 U.S. at 740. Importantly, however, the Supreme Court did not address whether a stay is required where a district court has granted a motion to compel arbitration—or, as is the case here, a motion to compel appraisal.

A review of the Supreme Court's reasoning in Coinbase shows why the court's holding does not apply to this context. As the Supreme Court explained, in cases where a district court has denied a motion to compel arbitration, the "continuation of proceedings in the district court" "creates the possibility that the district court will waste scarce judicial resources . . . on a dispute that will ultimately head to arbitration in any event." Id. at 743. Here, there is no risk of wasting judicial efforts where the Court has ordered the parties to continue the appraisal process.

In addition, Coinbase was concerned about nullifying Congress's decision—as expressed in the Federal Arbitration Act, 9 U.S.C § 16(a)—to provide a party the right to an interlocutory appeal where a court has denied that party's motion to compel arbitration. Coinbase, 599 U.S. at 743 ("Absent an automatic stay of district court proceedings, Congress's decision in § 16(a) to afford a right to an interlocutory appeal would be largely nullified."). No similar risk of

4

nullification exists here; there is no express Congressional grant of a right to appeal an order directing arbitration to proceed.

Coinbase's reliance on Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) also cuts against Federal's argument. Griggs stands for the proposition that a district court and a court of appeals should not be simultaneously addressing the same case. See Griggs, 459 U.S. at 58 (explaining that an interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal"). In the context of the denial of a motion to arbitrate at issue in Coinbase, the denial of a stay would mean that the parties could be proceeding in two courts at the same time, so Griggs "dictat[ed] that the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." Coinbase, 599 U.S. at 741. Here, by contrast, the Court has granted Proto Gage's motion for appraisal, so there is no concern of parallel litigation both in the district court and the court of appeals.

Coinbase also cited concerns over coercion and blackmail settlements—risks that can arise where a party unsuccessfully moves to compel arbitration and is then "forced to settle to avoid the district court proceedings." Id. at 743. These risks do not exist in the context of a grant of arbitration. But the risk of coercion would exist if this Court adopted Federal's argument. Federal's position would eviscerate the prompt and affordable remedy mandated by Michigan law for resolution of insurer-insured disputes by automatically delaying arbitration for a significant period of time pending appeal. At bottom, Coinbase's holding that the denial of a motion to arbitrate requires the district court to stay further proceedings in the district court does not apply where, as here, the court has granted a motion for appraisal.

The Court concludes that Federal's appeal of this Court's September 29 order did not automatically stay the applicability of that order. Further, because Federal failed to file a stand-

5

alone motion that sets forth the facts required to determine whether a stay pending appeal is warranted, the Court will not consider Federal's alternative request that the Court now grant it a stay. See Resp. at 2; Miller v. Suburban Mobility Auth. for Reg'l Transp., No. 20-cv-11122, 2023 WL 6932521, at *13 (E.D. Mich. Oct. 19, 2023) ("By the plain terms of the Local Rules, [a party] cannot combine [its] response brief with a motion . . . .").

As to Proto Gage's request that this Court hold Federal in contempt for violating the September 29 order, the Court need not make a finding of contempt at this time. The Court has inherent authority to enforce its orders aside from holding litigants in contempt. See Cheairs v. Thomas, No. 20-cv-2494, 2020 WL 12918289, at *2 (W.D. Tenn. Sept. 4, 2020) ("Courts have the inherent authority to enforce their orders and to fashion the remedy for contumacious conduct.") (punctuation modified). And it will exercise its power to do so here by ordering the parties to immediately undertake the appraisal process set forth in Mich. Comp. L. § 500.2833(1)(m). Given the delay occasioned by Federal's baseless arguments, and to ensure that the prompt process mandated under Michigan law is properly effectuated, the appraisal process must be completed no later than March 31, 2024. The Court will convene an in-person status conference on April 4, 2024 at 4:00 p.m. to learn the results of the appraisal.

SO ORDERED.

Dated: December 28, 2023             s/Mark A. Goldsmith
       Detroit, Michigan                MARK A. GOLDSMITH
                                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 28, 2023.

s/J. McCoy for Karri Sandusky
Case Manager
