UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROTO GAGE, INC.,

       Plaintiff,

v.

FEDERAL INSURANCE
COMPANY, INC.

       Defendant.
_____/

Case No. 21-12286

HON. MARK A. GOLDSMITH

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (Dkt. 50)**

This matter stems from a dispute between Plaintiff Proto Gage, Inc. and Defendant Federal Insurance Company, Inc. about whether, under the applicable insurance policies, Proto Gage is entitled to payment for its asserted business income losses resulting from the failures of two press machines.

The full factual background is set forth in the Court's September 29, 2023 opinion and order granting summary judgment to Proto Gage (Dkt. 40). In that order, the Court required the parties "to initiate the appraisal process set forth by Mich. Comp. L. § 500.2833(1)(m)." Id. at 17. The parties completed the appraisal process on March 17, 2024. See Appraisal Award (Dkt. 50-2). The appraisal panel awarded Proto Gage an award of $5,457,601.00. Id. Proto Gage maintains that, after applying the $299,276 amount Federal previously paid towards Proto Gage's claim, the amount owing on the appraisal award is $5,158,325.00. Mot. ¶ 3. Before the Court is Proto Gage's

motion for entry of judgment based on the appraisal panel's award.[1] For the reasons set forth below, the Court grants Proto Gage's motion.

## I. ANALYSIS

Proto Gage moves for entry of judgment for the appraisal amount due plus penalty interest accrued pursuant to Mich. Comp. L. § 500.2006(4). Federal opposes Proto Gage's motion and argues that (i) the Court lacks jurisdiction to enter judgment due to Federal's appeal pending before the Sixth Circuit, (ii) the appraisal panel's award is subject to vacatur due to manifest mistake, (iii) the parties' dispute is not subject to appraisal under Michigan law, and (iv) if the Court adopts the appraisal award in its judgment, interest should accrue from 60 days after March 17, 2024, the date of entry of the appraisal award, rather than February 5, 2019, the date on which Proto Gage asserts it submitted its proof of loss to Federal. See Resp. The Court addresses each argument in turn.

### A. Jurisdiction

Federal argues that the Court lacks jurisdiction to enter judgment in light of the pending appeal. Resp. at 6. Federal cites Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) and Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) for the proposition that the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Resp. at 6–7 (quoting Griggs, 459 U.S. at 58).

The Court already considered and rejected Federal's argument in its December 28, 2023 order denying Proto Gage's motion for an order to show cause (Dkt. 48). In that order, the Court

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Federal's response (Dkt. 51) and Proto Gage's reply (Dkt. 53).

rejected Federal's reliance on Griggs and Coinbase for its argument that the appeal had the effect of staying this Court's order for arbitration during the pendency of the appeal:

> Federal's position is not in accord with the law. There is no statute, court rule, or case stating that an appeal from an order directing parties to arbitrate automatically stays the applicability of that order. Although Federal raises a number of arguments in an attempt to support its position, none has merit. . . . A review of the Supreme Court's reasoning in Coinbase shows why the court's holding does not apply to this context. As the Supreme Court explained, in cases where a district court has denied a motion to compel arbitration, the "continuation of proceedings in the district court" "creates the possibility that the district court will waste scarce judicial resources . . . on a dispute that will ultimately head to arbitration in any event." Id. at 743. Here, there is no risk of wasting judicial efforts where the Court has ordered the parties to continue the appraisal process. . . . Coinbase's reliance on [Griggs] also cuts against Federal's argument. Griggs stands for the proposition that a district court and a court of appeals should not be simultaneously addressing the same case. See Griggs, 459 U.S. at 58 (explaining that an interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal"). In the context of the denial of a motion to arbitrate at issue in Coinbase, the denial of a stay would mean that the parties could be proceeding in two courts at the same time, so Griggs "dictat[ed] that the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." Coinbase, 599 U.S. at 741. Here, by contrast, the Court has granted Proto Gage's motion for appraisal, so there is no concern of parallel litigation both in the district court and the court of appeals.

12/28/23 Order at 2.

In any case, the Sixth Circuit has now dismissed the appeal. 8/28/24 Order, Proto Gage, Inc. v. Federal Ins. Co., No. 23-1930 (6th Cir. 2024) (Dkt. 22). There is no issue with this Court's jurisdiction.

### B. Request for Vacatur

Next, Federal asserts that the appraisal award should be set aside because it is the result of manifest mistake. Resp. at 10 (citing Acorn Inv. Co. v. Michigan Basic Prop. Ins. Ass'n, 852 N.W.2d 22, 32 (Mich. 2014)). Specifically, Federal argues that, because the appraisal award fails to expressly state that Proto Gage's business income loss was during the "period of restoration," a

3

term defined by the policy, it should be set aside. Resp. at 11 (citing Policy at PageID.144 (Dkt. 10-1)). Federal's position is without merit.

As an initial matter, Federal's request to vacate the appraisal award is not properly before the Court. "To challenge an appraisal award, a party must make a motion to vacate or modify the award within 91 days of the date of the award." D Boys, LLC v. Mid-Century Ins. Co., 92 F. Supp. 3d 644, 648 (E.D. Mich. 2015), rev'd on other grounds, 644 F. App'x 574, (citing Mich. Ct. R. 3.602(J)(3)). Because Federal has not separately filed a motion to vacate, its request for vacatur in its response is improper.

Federal's request for vacatur of the appraisal award would fail even if it was properly before the Court. "Judicial review of [an appraisal award] is limited to instances of bad faith, fraud, misconduct, or manifest mistake." Auto-Owners Ins. Co. v. Kwaiser, 476 N.W.2d 467, 469 (Mich. Ct. App. 1991). "An award will not be set aside for manifest mistake unless the mistake, whether legal or factual, is apparent on the face of the award." Maddox v. State Farm Fire & Cas. Co., No. 2:22-cv-11633, 2023 WL 9059568, at *5 (E.D. Mich. Aug. 14, 2023) (punctuation modified).

Here, Federal identifies no mistake in the appraisal award that is apparent on the face of the award. Rather, it protests that "there is no mention in the [appraisal award] . . . as to what the applicable Period of Restoration is for either Proto Gage's 2015 claim or Proto Gage's 2016 claim." Resp. at 13. But Michigan law requires no such explanation. "Michigan law only requires that appraisal awards state valuation determinations for the categories of coverage under the policy . . . ." D Boys, 92 F. Supp. 3d at 649. The appraisal award does just that. See Appraisal Award.

Federal also objects that there "is no proof that the measure of loss identified in the Appraisal Award constitutes an actual loss of business income incurred during the Period of

4

Restoration, as required by the express terms of the Policies." Resp. at 13. Again, Federal's position is undermined by the face of the appraisal award. The award certifies that the appraisers "communicated in accordance with policy provisions and carefully examined all relevant documentation in the above entitled cause and truly and conscientiously performed the duties assigned us in determining the following amount of Loss of Business Income resulting from [Proto Gage's] claims . . . ." Appraisal Award. Federal submits no evidence showing that the appraisal panel neglected to consider the applicable period of restoration under the policies.

Federal has failed to establish a manifest mistake in the appraisal award such that the award should be set aside. The Court will not deny Proto Gage's motion for entry of judgment on this ground.

**C. Validity of Appraisal**

Federal asks the Court to vacate its September 29, 2023 order, essentially seeking reconsideration of the Court's ruling granting Proto Gage's motion for summary judgment on the issue of appraisal (Dkt. 37) and denying Federal's motion for discovery under Federal Rule of Civil Procedure 56(d) (Dkt. 38). Resp. at 16–18. Federal is many months tardy in seeking reconsideration. See E.D. Mich. LR 7.1(h) ("Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order . . . .").

Even if the Court were to entertain reconsideration, the only new authority Federal raises is Cantina Enters. II Inc. v. Prop.-Owners Ins. Co., No. 363105, 2024 WL 202116, at *7 (Mich. Ct. App. Jan. 18, 2024). Resp. at 15–16. But that decision only undercuts Federal's position. In that case, the Michigan Court of Appeals quoted D Boys, LLC v. Mid-Century Ins. Co., 644 F. App'x 574 (6th Cir. 2016) for the proposition that "once an insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's

5

statutory appraisal process, as the parties do not dispute liability and only are at odds about the amount of the loss. However, the cases all make clear that if liability is not admitted by an insurer, the trial court must first determine the issue of 'coverage' before ordering appraisal." Id. (quoting D Boys, 644 F. App'x at 578) (punctuation modified)).

The Michigan Court of Appeals held that an insurance dispute over whether certain items damaged by fire were "building items" covered under the policy—which turned on the factual issue of whether those items were installed by the plaintiff's landlord—was subject to appraisal. Id. at *1–*2. The court explained:

> [The insurer] admitted that the damages at issue . . . are generally covered by plaintiff's insurance policy; thus is this is not a coverage dispute . . . . Instead, the dispute concerns the scope of plaintiff's loss, and whether plaintiff is entitled to reimbursement for every item it has identified as eligible under the policy's terms. In other words, this is merely a factual dispute about whether plaintiff has proved the loss, and only changes plaintiff's damages award.

Id. at *7 (emphasis in original).

Here, Federal is no different from the insurer in Cantina. As the Court previously explained, Federal admitted coverage by acknowledging that the business income loss was legitimate and by paying significant money—$299,276—on that claim. 9/29/23 Op. & Order at 14. Federal did later backtrack and claim the payment was an "accommodation," but this Court ruled that Federal could not disavow its earlier acknowledgement of coverage and evade the appraisal process. Id. Furthermore, like in Cantina, there is no dispute regarding the meaning of any policy term, obviating any need for the Court to rule on coverage by defining a policy term. Federal raises only a factual dispute about what caused its insured's loss. As was the case in Cantina, "this is merely a factual dispute about whether [the insured] has proved the loss." Cantina, 2024 WL 202116, at *7. The dispute was properly sent to, and resolved by, the appraisal panel.

### D. Penalty Interest

Proto Gage seeks penalty interest on the amount owed to it under Mich. Comp. L. § 500.2006. Br. Supp. Mot. at 4. Under that provision, an insurer is assessed interest on a claim if it fails to pay that claim within 60 days after submission of proof of loss:

> (1) A person must pay on a timely basis to its insured . . . the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured . . . 12% interest, as provided in subsection (4), on claims not paid on a timely basis.
> . . .
>
> (4) If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after <u>satisfactory proof of loss</u> was received by the insurer at the rate of 12% per annum, if the claimant is the insured. . . . The interest shall be paid in addition to and at the time of payment of the loss. If the loss exceeds the limits of insurance coverage available, interest shall be payable based upon the limits of insurance coverage rather than the amount of the loss.

§ 500.2006 (emphasis added); <u>see also</u> <u>Bowlers' Alley, Inc. v. Cincinnati Ins. Co.</u>, 122 F. Supp. 3d 675, 678 (E.D. Mich. 2015) (providing overview of application of penalty interest under § 500.2006). "A proof of loss 'is satisfactory when it is sufficient to fully apprise the insurer of insured's claim.'" <u>D Boys</u>, 92 F. Supp. 3d at 651 (quoting <u>Acme Roll Forming Co. v. Home Ins. Co.</u>, 31 F. App'x 866, 872 (6th Cir.2002)). "Importantly, a disagreement over the amount of loss does not render a proof of loss 'unsatisfactory.'" <u>Id.</u>

In addition, the statute requires that the insurer "specify in writing the materials that constitute a satisfactory proof of loss not later than 30 days after receipt of a claim unless the claim is settled within the 30 days." § 500.2006(3). "The failure to specify in writing the materials which constitute satisfactory proof of loss excuses the requirement of said proof of loss in . . . § 500.2006(4)." <u>455 Cos., LLC v. Landmark Am. Ins. Co.</u>, No. 16-10034,

7

2018 WL 11357858, at *4 (E.D. Mich. June 18, 2018) (quoting Medley v. Canady, 337 N.W.2d 909, 912 (Mich. Ct. App. 1983)).

Here, Proto Gage submits that it submitted to Federal its proof of loss on February 5, 2019, which places April 6, 2019 as the date on which interest began to accrue. Br. Supp. Mot. at 6. Proto Gage cites a February 5, 2019 email from its forensic accountant, Wendy Biety, attaching a "Claim Summary." 2/5/19 Claim Summary (Dkt. 50-8). The Claim Summary outlines Proto Gage's claim for $10,330.353.00 in lost business income and provides documentation that Proto Gage asserted supported its claim. Id.

Federal disagrees. It posits that interest on Proto Gage's award should be calculated as beginning to accrue 60 days after March 17, 2024—the date the appraisal panel issued its award. Resp. at 20. Federal further contends that the February 19, 2019 submission did not constitute a satisfactory proof of loss. Federal submits that the fact that the appraisal panel did not award Proto Gage all of the losses asserted in Proto Gage's February 5, 2019 proof of loss shows that the original proof of loss was not satisfactory.[2] Id. at 21.

Federal's argument fails. The fact that the appraisal panel ultimately awarded Proto Gage a lesser award does not show that its proof of loss not satisfactory. Whether a proof of loss is ultimately in line with the final appraisal award has no bearing on the sufficiency of the proof of loss. See § 500.2006; see also Griswold Props., LLC v. Lexington Ins. Co., 740 N.W.2d 659, 674 (Mich. Ct. App. 2007) ("[W]e reject defendant's argument that proof of loss is not satisfactory until the appraisal process is complete.").

---

[2] Federal maintains that Proto Gage sought "a total of $13,024,791.00 (the aggregate of the 2015 claim for $8,619,991.00 and the 2016 claim for $4,404,800.00)." Resp. at 21. But as the Court notes above, Proto Gage's February 5, 2019 proof of loss claimed $10,330.353.00 in losses.

8

In the alternative, Federal submits that Proto Gage did not submit its proof of loss until March 3, 2020. Resp. at 19. However, Federal provides no explanation for why March 3, 2020 marks the earliest date on which interest began to accrue. Resp. at 19–22.

In any event, Federal has waived its ability to challenge the sufficiency of Proto Gage's proof of loss. Federal makes no argument that it sent Proto Gage any written communication specifying what would constitute a satisfactory proof of loss within 30 days of receiving Proto Gage's February 19, 2019 proof of loss. By failing to respond to the proof of loss, Federal waived the ability to contest its sufficiency. See 455 Companies, 2018 WL 11357858, at *4 ("In the absence of a written specification of what materials constitute a satisfactory proof of loss, the insured is entitled to 12% interest from 60 days after it provided notice of the loss.").

Proto Gage is entitled to 12 percent penalty interest on the $5,158,325.00 amount owing on the appraisal award. See Appraisal Award. Interest on this amount began to accrue on April 6, 2019, 60 days after Federal received Proto Gage's proof of loss.

## II. CONCLUSION

For the reasons set forth above, Proto Gage's motion for entry of judgment (Dkt. 50) is granted.

SO ORDERED.

Dated: August 29, 2024       s/Mark A. Goldsmith
      Detroit, Michigan       MARK A. GOLDSMITH
                                       United States District Judge